Entered on Docket
May 10, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitues
the order of the court. Signed May 10, 2013

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                                  Case No. 11-71107 MEH

EDWARD FLEMING                                           Chapter 7

_____Debtor/

LINDA RUSSELL, ET. AL.,                                 Adv. No. 12-04009 AH

                  Plaintiffs

v.

EDWARD FLEMING

_____Defendant/

MEMORANDUM DECISION ON SUMMARY JUDGMENT

Linda Russell, Patrice Russell and Eva Thompson ("Plaintiffs") filed a motion for summary judgment seeking to have a state court judgment against Edward Fleming ("Defendant") determined to be nondischargeable pursuant to Bankruptcy Code[1] §§ 523(a)(2) and (a)(6). Plaintiffs asserted collateral estoppel should apply to the determination of dischargeability and relied on the state court's extensive statement of decision and judgment and amended judgment. At a hearing on November 7, 2012, the court partially granted

---
[1] 11 U.S.C. §§ 101,*et seq.*

Plaintiffs' motion. The court found the requirements for collateral estoppel were met and the state court's findings established that Defendant's written agreement with Plaintiffs required an initial payment of $10,000 from Plaintiffs prior to commencement of construction in violation of state law. The court further found that Defendant represented to Plaintiffs that property owners are supposed to pay a contractor in advance so that he can purchase materials and labor for work to be performed; and, based on his experience, Defendant knew this to be false. Defendant made the representation to obtain an advance of front-loaded payments, contrary to Plaintiffs' rights under applicable law. Plaintiffs relied on this representation and sustained damage as a result. Accordingly, damages resulting from the "Front-Loading" are exempt from discharge pursuant to §523(a)(2)(A). The court's findings of fact and conclusions of law regarding this partial grant of summary judgment were set forth on the record pursuant to FRBP[2] 7052 on November 7, 2012. The remainder of the motion for summary judgment was denied.

The court requested further briefing to determine the portion of the judgment that should be exempt from discharge. From this, the court found that $355,823 of the state court judgment was damage resulting from the Front-Loading. The damage award is composed of $29,942 for costs to correct and $325,881 for costs to complete the construction. The court's findings and conclusions regarding the determination of the damage award exempt from discharge were set forth on the record on February 15, 2013.

Plaintiffs now apply to the court for: (1) attorneys' fees and costs incurred in the state court litigation, (2) attorneys' fees and costs incurred in the litigation of this adversary proceeding, and (3) pre-judgment interest on the damages and state court attorneys' fees and costs. Article 13 of the agreement between Plaintiffs and Defendant provides: "In the event there is any litigation or arbitration arising out of this Agreement, the prevailing party shall be entitled to its reasonable attorney fees and costs." As such, Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to this provision and applicable state law. *See* Cal. Civil Code § 1717. Further, where there is an underlying contractual basis for an award of attorneys' fees and costs, the nondischargeable amount may also include an award for attorneys' fees incurred in litigating the matter in the

---

[2] Federal Rule of Bankruptcy Procedure ("FRBP").

bankruptcy court. *See Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998), *Travelers Cas. & Sur. Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 449 (1997).

Attorneys' Fees and Costs in State Court

Plaintiffs incurred attorneys' fees of $218,658 and costs of $26,987.88 in obtaining a state court judgment for violations of numerous consumer protection statutes related to construction practices, professional negligence and negligent and defective construction. Following its review, the state court awarded a judgment of $160,000 for attorneys' fees and $4,955 for costs. Plaintiffs request that this court award attorneys' fees as authorized by the state court without further deduction. In support of their position, Plaintiffs assert it is well settled California law that it is not necessary to apportion attorneys' fees between causes of action for which fees are permitted or not. *See Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 129-130 (Cal. 1979). These cases find that when the "liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not, then allocation is not required." *Akins v. Enterprise Rent-A-Car Co*, 79 Cal. App.4th 1127, 1133 (Cal. Ct. App. 2000). On this basis, the court finds that further review of the fees and costs awarded is necessary. However, Plaintiffs' argument that the entire state court litigation related to the single state court finding this court found to be exempt from discharge is not persuasive. While "Front-Loading" was a part of several claims litigated in the state court, it did not apply to all claims—in particular, the first phase trial regarding whether Defendant was a licensed contractor. As such, the court finds further adjustment of the state court attorneys' fee award is required.

In so doing, the court notes that the descriptions of work performed are often formulaic and generic. Frequently, the time records provide limited information on the subject matter of the work performed. They do reflect work on litigated matters unrelated to the "Front-Loading". For example, a first phase trial related to whether Defendant had a valid contractor's license and time incurred resolving conflicts issues. Based on review of the time records and costs presented to the state court, and to this court, the court finds that of the attorneys' fees and costs awarded by the state court, $142,000 in fees and $4,955 in costs shall be exempt from discharge.

3

Attorneys' Fees and Costs in the Adversary Proceeding

Plaintiffs incurred attorneys' fees of $73,718 and costs of $9,069.13 in litigating this action. The court finds that the hourly rates charged by Plaintiffs' counsel are reasonable and consistent with rates normally charged in this area. However, at several points the amount of time incurred in preparing pleadings appears excessive given the hourly rate. A portion of the work relates to claims the court has not found to be exempt from discharge. Additionally, the costs requested need to be reduced to exclude charges for non-reimbursable overhead such as local telephone calls and word processing. There also is a duplicate charge for the filing of this adversary proceeding. Applying these adjustments, the court will award attorneys' fees of $60,000 and costs of $5,100.

Pre-judgment Interest

The court will award pre-judgment interest at the legal rate of 10% from February 26, 2010, the entry date of the state court judgment, through entry of judgment by this court on the damages award of $355,823 and state court fees and costs award of $146,955.

Contemporaneous with entry of this memorandum decision, the court will enter an order granting the motion for summary judgment in part, and denying it in part. Plaintiffs are directed to submit a judgment consistent with this Memorandum Decision and the Order.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST

Edward Fleming
3332 Wyman Street
Oakland, CA 94619